# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY



**United States District Court**

**District Southern District**

Name (under which you were convicted):

**CHARLES PULLEY III**

Docket or Case No.: 2021CR00303

**3:25 cv 144**

Place of Confinement:

Madison Correctional Institute

Prisoner No.: 799991

**WALTER H. RICE**

MAGISTRATE JUDGE  DEAVERS

*Charles Pulley III*

Petitioner (include the name under which you were convicted):
(authorized person having custody of petitioner)

Respondent

v.

**WARDEN , OF MADISON CORRECTIONAL INSTITUTION**

## PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

(b) Criminal docket or case number (if you know): 2021CR00303

2. (a) Date of judgment of conviction (if you know): May 25th 2022

(b) Date of sentencing: June 14th 2022

3. Length of sentence: 18 years to life

4. In this case, were you convicted on more than one count or of more than one crime? **Yes [y] No [ ]**

5. Identify all crimes of which you were convicted and sentenced in this case: Murder,R.C. 2903.02(B), unclassified felony, Invloluntary Manslaughter, R.C. 2903.04(A) felony of the first degree, Felonious Assault, R.C. 2903.11(A)(1) Endangering Children. R.C. 2919.22(B)(1). Murder, R.C. 2903.02 B; Endangering children, R.C. 2919.22 (A).

6. (a) What was your plea? (Check one)

**(1)** **Not guilty [y ]** (3) Nolo contendere (no contest) [ ]

(2) Guilty [ ] (4) Insanity plea [ ]

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

**Jury [ y]** Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes [ ] **No [ n]**

8. Did you appeal from the judgment of conviction?

**Yes [y ]** No [ ]

9. If you did appeal, answer the following:

(a) Name of court: **Second Appellate District**

(b) Docket or case number (if you know): **CA29501**

(c) Result: **denied**

(d) Date of result (if you know): **September 15th 2023**

(e) Citation to the case (if you know): 2023-ohio-3277, 2023 Ohio App. LEXIS 3199, 2023 WL 5994271 (2nd dist. Montgomery County 2023)

(f) Grounds raised: **Ground 1**, The trial court denied Petitioner's constitutional right to present a defense by excluding relevant evidence. **Ground 2**, The trial court violated Petitioner's due process in violation of his rights by denying his motion for funds to obtain a false confessions expert at state expense. **Ground 3**, The trial court erred in overruling the Peitioner's motion to

suppress. The trial court erred in finding the Petitioner made a knowing, intelligent, and voluntary waver of his right to the assistance of counsel. **Ground 4**, Petiotioner's convictions are not supported by the sufficient evidence to prove guilt beyond a reasonable doubt and are against the manifest weight of evidence. **Ground 5**, The trial court erred in charging the jury with a definition of recklessly which was an incorrect statement of law. **Ground 6**, The trial court erred by convicting Petitioner of allied offenses of similar import. **Ground 7**, The trial court erred in finding the Petitioner made a knowing, intelligent, and voluntary waver of his right to the assistance of counsel. **Ground 8**, Petitioner was prejudiced by the denial of his right to effective assistance of counsel, in violation of his rights under the sixth and fourteenth amendments to the united states constitution. **Ground 9**, The cumulative effect of the errors set forth herein deprived Petitioner of his constitutional right to a fair trial.

(g) Did you seek further review by a higher state court?   **Yes [y ]**  No [ ]

    If yes, answer the following:

    (1) Name of court: **Supreme Court of Ohio**

    (2) Docket or case number (if you know): **No. 2024-0337**

    (3) Result: **denied**


    (4) Date of result (if you know): **April 30ᵗʰ 2024**

    (5) Citation to the case (if you know): **173 Ohio st.3d 1475, 232 N.E.3d 818**

    (6) Grounds raised:




(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes [ ]   **No [n ]**

    If yes, answer the following:

    (1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     Yes [ ] **No [ n]**

11. If your answer to Question 10 was ``Yes,'' give the following information:

(a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of proceeding:     (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition,

    application, or motion?   Yes □  No □

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second petition, application or motion give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition,

    application, or motion?   Yes [ ] No [ ]

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

4

(4) Nature of proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?    Yes [ ]  No [ ]

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:      Yes [ ]   No [ ]

    (2) Second petition:   Yes [ ]   No [ ]

    (3) Third petition:    Yes [ ]   No [ ]

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**


**GROUND ONE:  THE TRIAL COURT DENIED PETITIONER'S CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE BY EXCLUDING RELEVANT EVIDENCE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  The trial court excluded statements by Makenah Grabans relevant to the origin of A.G.'s injuries and her own veracity. The trial court abused its discretion when it excluded text messages from Makenah grabans to Petitioner. The statements contained in the messages provided an alternate theory of the offense, namely that Grabans was the source of some of the injuries to A.G., and were proper impeachment evidence. The messages not only give a timeline as to when the injuries occurred but the source of said injuries. Messages like "i literally cry all the time bc I'm so tired of having a baby." 8/3/2020 4;55;27 PM, "imma f***ing throw her against the f***ing wall if she doesn't shut the f** it.", " I feel like i'm a horrible mommy and the [A.G.] deserves someone better. *** someone that wouldn't hurt her bc they were angry." 8/15/2020 1;58;19 AM, "i'm the worst mommy ever. I couldn't figure out how to fix her straps in her purple car seat the other day. So, I just tried to make them work, & then when I got her out

when I got home, I felt her little head hit the handle." 8/19/2020 11;43.46 PM (Exhibit E). The importance of this evidence is clear given the state argued that Petitioner caused the bruises to A.G. on August 19th 2020. Upon Cross- examination, Grabans attempted to deny or explain away certain staetments to petitioner regarding injuries to A.G. while in her care:

Q Do you remember telling Chuck that you really thought she just hit her head on the car seat?

A I probably did say that.

Q So it wasn't his suggestion. That's something that you had mentioned to him?

A He suggested it on the phone while we were talking on the phone. (TP) vol. III, p. 448

Q Have you ever accidentally hurt your daughter?

A No.

Q Do you remember telling Chuck that you did?

A No. Id., p. 449.

The quoted text messages sent on 8/19/2020 and 8/15/2020 were extrinsic evidence of a prior inconsistent statement that Grabans denied or attempted to explain on cross examination. Detective Lawson testified that there was no evidence that Makenah Grabans was responsible for any of the injuries to A.G (TP), Vol III, p. 563, ll. 15-19. The quoted text messages directly contradict Lawsons testimony and were therefore an appropriate avenue of inquiry in cross-examnination. The text messages from Grabans to petitioner were capable of authentication by Detective Lawson. The above messages are only a few of the many messages that were relevant, fell under an exception to the hearsay rule, and.or were admissible as prior inconsistent statements. Grabans testimony was significant in establishing the time of injury for the state's theory of the offense. Her messages, both as substantive evidence and for impeachment, were critical defense evidence.Also included within the messages between the petitioner and Makenah Grabans was a statement from Petitioner stating "I'll take the blame for you" 8/20/2020 11:05 PM (Exhibit E), which could have been used to contradict the audio and video confession, and statement he made to police at the time of his interrogation which the State relied so heaily upon to form a timeline for the injuries. Through out the petitioners entire court proceedings, multiple request for discovery were made. The state claimed to have turned over the documents containing the messages listed above to petitioners retained counsel more than a year before trial which is simply not true. The state turned over a flash drive containing various items including cell phone examinations and cell phone pics/texts (from the mothers phone),none of which contained the exculpatory evidence disclosed to petitioner during the May16th court hearing. The petitioner not only relied on his retained attorney but relied on the prosecution to provide him with the messages being that he had no access to his phone. The State failed to turn over the exculpatory evidence he needed for his defense and the petitioners then retained counsel failed to request it forcing the petitioner to act pro se and make multiple discovery request in attempts to obtain it. The state turned over multiple copys of what they deemed full discovery, it wasn't until after the petitioner went through the discovery provided on February 15th 2022 that he

realized that not only his phone, confiscated by the investigating detective, but the messages within were not included. The petitioner believed that not only the state but his then standby counsel had not provided him with all the discovery, being that his phone was not included within.On May 9th, 2022, the petitioner made a specific request for his phone that contained the messages, the state noted that it intended to not introduce the phone as evidence Pre-Trial Tr. 2 at 15-16. It wasn't until May 16th ,2022, that the petitioner received five-thousand pages worth of messages extracted from his phone that was in the custody of the police department that conducted the investigation Id at 536-537. With the sheer volume of the new discovery that was untimely disclosed to the petitioner, six days before trial is absolutely not enough tme to sift through, locate any and all exculpatory evidence then set up a proper defense. The Petitioners then stand by counsel was also provided with a full copy of any and all discovery including the messages he received on May 16th and asserted that he was ready for trial if the petitioner decided to let him take over. The messages are material to the petitioners innocence or guilt, in a way that they provide an alternative theory as to who caused the injuries to A.G, and could have been used to impeach star witnesses presented by the state. The state was well aware of these messages months before trial and had a duty to turn them over upon discovery of the materiality of said messages regardless if the petitioner made a vauge, specific, or no request at all. Even if the police department that held the phone failed to turn it over to the state, they still have a duty to disclose evidence that extends to information in possession of the law enforcement agency investigating the offense. Had the state turned over the messages in a timely manner the petitioner could have then provided the messages to his then trial counsel before trial commensed. The petitioners actions were purely to protect his due process rights and any procedural default was not a cause of the petitioners "strategic", "tactical", or "sandbagging" choices. The petitioner acted diligently in trying to secure the messages in time for their affective use at trial but due to the prosecutors actions he was denied his righ to a fair trial.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [y ]** No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] **No [ n]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

7

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion or petition?

Yes [ ] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: THE TRIAL COURT VIOLATED PETITIONER'S DUE PROCESS IN VIOLATION OF HIS RIGHTS BY DENYING HIS MOTION FOR FUNDS TO OBTAIN A FALSE CONFESSIONS EXPERT AT STATE EXPENSE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner moved for appointment of a confessions expert to investigate Petitioner's interrogation and reenactments. Therein Petitioner's counsel represented to the court that in their professional opinion, the aid of a confessions expert was necessary to adequately represent the Petitioner. The trial court denied the motion, finding Petitioner "failed to make a particularized showing required in order to be entitled to an expert pointed [sic] by the court. Petitioner's recorded interview and the video of the reenactments was played for the jury. Likewise, Petitioner's written statement was read to the jury. There were multiple messages from the evidence excluded that would have shown multiple contradictions in the statement and recorded interview given by the petitioner. The messages also show a reasonable probability for the petitioner making a false confession. Messages from Makenah Grabans to petitioner could have easily been used to make a particularized showing for an expert, messages such as "im scared" "im going to jail" and a statement made by the petitioner stating "ill take the blame for you" (Exhibit E) would have been crucial in proving a motive for the petitioner making a false

8

comnfession. Given the Petitioner's statement were a major part of a largely circumstantial case, Petitioner demonstrated a "reasonable probability" that the requested confessions expert "would aid in his defense".

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [y ]**   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]   **No [n ]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion or petition?

Yes [ ]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

9

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

## GROUND THREE: THE TRIAL COURT ERRED IN OVERRULING THE PETITIONER 'S MOTION TO SUPPRESS.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner's motion to suppress argued that his statements were involuntary and his waiver of Miranda rights was not knowing, intelligent, and voluntary. Petitioner was induced by law enforcement to provide some explanation for the injuries sustained by A.G., in order to potentially aid in the medical treatment to save her life. Petitioner was a young man, barely over eighteen years of age, wholly inexperienced with law enforcement, who was emotionally distraught. Law enforcement deliberately used appeals to provide help for A.G. in order to take advantage of Petitioner's emotional state. Petitioner had been in contact with Makenah Grabans before the detectives arrived at his house in which Grabans stated multiple times that she was "scared" and that she was "going to jail". Included in the conversation between the two is a statement from petitioner that reads "ill take the blame for you" which any reasonable person could had inferred was true being that he understood that the mother knew more about the injuries and who had caused them than he did. During the interrogation it is clear that the petitioner is distressed. It was also clear that petitioner knew little about the injuries being that he fabricated multiple stories as to how the injuries were caused when trying to explain them during the interview. The petitioner was deeply attached to A.G. and the mother at the time and out of deep concern for A.G. and profound love for the mother the petitioner made-up storys and admitted guilt to the injuries of A.G. The trial courts finding that the Petitioner's statements were voluntary, and its decision overruling the motion to suppress, were in error.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [y ]**   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]   **No [n ]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

    Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion or petition?

    Yes [ ]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes [ ]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR: PETITIONERS CONVICTIONS ARE NOT SUPPORTED BY THE SUFFICIENT EVIDENCE TO PROVE GUILT BEYOND A REASONABLE DOUBT AND ARE AGAINST THE MANIFEST WEIGHT OF EVIDENCE.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The state failed to meet its burden of producing sufficient evidence to establish the elements of the charged offense beyond a reasonable doubt. Castiglione-Richmond testified that the injuries were numerous, whereas Thackeray was ultimately unable to opine on the number of injuries occurring on August 20th, 2020. Second, the experts could not identify the mechanism of the injury. Castiglione-Richmond could not identify the mechanism of the injury beyond terming it blunt force trauma. Thackeray opined that the injuries which A.G. displayed were consistent with child abuse, but also consistent with a "severe highly traumatic accident". Lastly, Castiglione-Richmond testified that Petitioners explanation of an accident, where he was spinning with the child and accidentally hit the childs head on a door frame, could have cause the injuries to A.G. The testimony of the States' experts revealed a number of contradictions regarding the number of injuries to A.G. and the causation thereof. The state relies heabily upon the statement made by petitioner to establish a timeframe and source of injuries to A.G on August 19th 2020 and August 20th 2020. The evidence that was exclude from trial argued in Ground One provided an alternative theory as to who caused the injuries to A.G. and that the petitioner was simply taking the blame for the mother. There were also statements made by the

11

step father of Makenah Grabans that contradicts the petiotioners claim that he injuried A.G. on the night of August 19th 2020.When the evidence and all the reasonable inferences are weighed, and witness credibility is considered, it should be determined that the trier of fact clearly lost its way and created a manifest miscarriage of justice. Petitioners conviction must be reversed and Petitioner discharged.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [y ]**   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]   **No [ n]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion or petition?

Yes [ ]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**GROUND FIVE: THE TRIAL COURT ERRED IN CHARGING THE JURY WITH A DEFINITION OF RECKLESSLY WHICH WAS AN INCORRECT STATEMENT OF LAW**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The trial court Instructed the jury with a prior, incorrect definition of recklessly.The Jury was instructed in such a manner as to find the element of "recklessly" on the basis of a lower standard than required by law. Therefore the likelihood of the instructions potentially affecting the outcome of the trial rises above the threshold of a reasonable probability. Moreover the resulting prejudice is clear: a conviction in the absence of all necessary elements. Due to the incorrect definition of recklessly provided to the jury, the jury instructions contained a definitionof both "risk" and "substantial risk". The inclusion of the lesser standard was unnecessary and confusing. Its presence in the jury instructions calls into question the jurys finding of serious physical harm on the felonious assault count and therefore the entire verdict. Petitioners convictions on all counts must be reversed and this matter remanded.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes [ ]   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]   No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

13

Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion or petition?

Yes [ ]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

**GROUND SIX:  THE TRIAL COURT ERRED BY CONVICTING PETITIONER OF ALLIED OFFENSES OF SIMILAR IMPORT.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The state acknowledged that Counts 1 through 5 merged but argued that Count 6 did not due to a separate animus. The court found a separate animus for Count 6 based upon brusies A.G. exhibited on the night of August 19th, 2020. However, Petitioners conviction on Count 6, Endangering children, required a finding of serious physical harm. There was no evidence in the record of serious physical harm occurring on August 19th, 2020. The record demonstrates that Petitioner convictions on Count 1 and 6 had to have been based on the events of August 20th, 2020. The offenses were therefore commited by the same conduct, with the same animus, resulting in the same harm. The convictions are allied offenses of similar import and should have merged for purposes of sentencing. Petitioners convictions should therefore be reversed and the matter remanded.

(b) If you did not exhaust your state remedies on Ground Six, explain why:

(c) Direct Appeal of Ground Six:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [ y]**   No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

14

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]    **No [n ]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

   Yes [ ]    No [ ]

(4) Did you appeal from the denial of your motion or petition?

   Yes [ ]    No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes [ ]    No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:

**GROUND SEVEN:   THE TRIAL COURT ERRED IN FINDING THE PETITIONER MADE A KNOWING, INTELLIGENT, AND VOLUNTARY WAVER OF HIS RIGHT TO THE ASSISTANCE OF COUNSEL.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The colloquy between the trial court and appellant throughout the hearing on the matter of self-representation were not sufficient to find a knowing, intelligent, and voluntary waiver of appellants right to counsel. Even if the waiver was voluntary, the lack of understanding, the abescence of any meaningful responses to questions, and the irrational content of the written and oral motions, demonstrates a lack of competence to waive counsel. the court itself questioned

15

whether the waiver was knowing and intelligent, and scheduled repeated hearings as a result. The colloquy with the trial court demonstrated that Petitioner lacked the competence to make a knowing and intelligent waiver. The trial courts finding otherwise was in error.

(b) If you did not exhaust your state remedies on Ground Seven, explain why:

(c) Direct Appeal of Ground Seven:

(1) If you appealed from the judgment of conviction, did you raise this issue?

    **Yes [y ]**  No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]  **No [n ]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

    Yes [ ]  No [ ]

(4) Did you appeal from the denial of your motion or petition?

    Yes [ ]  No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes [ ]  No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

16

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven:

**GROUND EIGHT: PETITIONER WAS PREJUDICED BY THE DENIAL OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The performance of Petitioners trial counsel was deficient in at least four respects. First, trial counsel failed to argue for examination of the text messages individually, resulting in the erroneous exclusion thereof, as argued in Ground One. Second, trial counsel failed to subpoena Makenah grabans to be recalled or to call another witness who could have laid foundation for the text messages. Third, Petitioners counsel should have been aware of the contents being that the phone data had been provided in digital form and the messages in paper form as part of discovery. Even though the petitioner was pro se at the time he received the messages, a copy was also forwarded to the petitioners then standby counsel. Lastly, counsel failed to object to the incorrect statement of law in the jury instructions, as discussed in ground 5, which resulted in a lesser burden on the state and confusing the jury innstructions. The above deficiencies in the performance of Petitioners trial counsel resulted in the representation falling below an objective standard of reasonableness and prejudice to petitioner. First, the text messages provided an alternate theory of the source of injuries to A.G., as well as ideal tools of impeachment. Second, the failure to object to the incorrect jury instructions relevied the state of its burden of persuaision in violation of Petitioners due process rights. Petitioners trial counsel fell below a objective standard of reasonableness, and the deficient performance of petitioners trial counsel prejudiced him. Petioners conviction must therefore be reversed.

(b) If you did not exhaust your state remedies on Ground Eight, explain why:

(c) Direct Appeal of Ground Eight:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes [y]** No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] **No [n]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

17

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

    Yes [ ]  No [ ]

(4) Did you appeal from the denial of your motion or petition?

    Yes [ ]  No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes [ ]  No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:

**GROUND NINE: THE CUMULATIVE EFFECT OF THE ERRORS SET FORTH HEREIN DEPRIVED PETITIONER OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The cumulative effects of the errors set forth above deprive the Petitioner of his right to a fair trial. The cumulative effect of the errors excluding competent, relevant evidence at trial resulted in a denial of petitioners right to a fair trial. Petiotioners conviction should be reversed and this matter remanded.

(b) If you did not exhaust your state remedies on Ground Nine, explain why:

(c) Direct Appeal of Ground Nine:

(1) If you appealed from the judgment of conviction, did you raise this issue?

    **Yes [y ]**  No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

18

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ]   **No [n ]**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available:

(3) Did you receive a hearing on your motion or petition?

   Yes [ ]   No [ ]

(4) Did you appeal from the denial of your motion or petition?

   Yes [ ]   No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes [ ]   No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:


13. Please answer these additional questions about the petition you are filing:

   (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   **Yes [y ]**   No [ ]

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

19

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes [ ]   No [n ]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes [ ]   **No [n ]**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Carl Goraleski**

(b) At arraignment and plea: **Anthony Vannoy**

(c) At trial: **Brad Baldwin**

(d) At sentencing: **Brad Baldwin**

(e) On appeal: **Charles Blue**

(f) In any post-conviction proceeding: **Pro se**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro se**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes [ ]   **No [ n]**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes [ ]   No [ ]

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition. *

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on (month, date, year). April 28th 2025

Executed (signed) on (date). April 26th 2025

  Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.