IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES FRANCIS PULLEY, III,

        Petitioner,  :        Case No. 3:25-cv-00144

  - vs -                      District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

WARDEN, Madison
  Correctional Institution,

                          :
        Respondent.

## ORDER TO SHOW CAUSE

This habeas corpus case was brought *pro se* by Petitioner Charles Pulley to obtain relief from his conviction in the Montgomery County Court of Common Pleas of murder and related offenses (Petition, ECF No. 1).  Upon filing the case was randomly assigned to District Judge Walter H. Rice and Magistrate Judge Elizabeth Preston Deavers.  Judge Deavers then ordered the Respondent to answer the Petition and provided that Petitioner's reply/traverse would be due twenty-one days after the Return was filed (Order, ECF No. 4).

Respondent filed the Return on September 12, 2025 (ECF No. 8) making the Reply due October 6, 2025,[1]  However, on September 25, 2025, Petitioner filed both a Motion to Extend the Reply Date to December 12, 2025 (ECF No. 9) and a Motion for Stay (ECF No. 10).  By notation orders Judge Rice granted both motions without opinion.

---

[1] 21 days plus three days because Petitioner was served by mail. Fed.R.Civ.P. 6.

1

Petitioner has not filed the reply.  Instead, on November 28, 2025, he moved to continue the order staying the Habeas Proceedings until the final decision of the new issues petitioner has submitted in a Motion for leave to file for a New Trial filed on 7/15/2025 in the common pleas court of Montgomery County Ohio." (ECF No. 11, PageID 1171).  That Motion is DENIED because it is unsigned. See Fed.R.Civ.P. 11. On February 2, 2026, the Clerk docketed a new Motion for Stay (ECF No. 12) which is also DENIED because it is unsigned.

Rather than merely ordering Petitioner to sign his motions, the undersigned believes a more thorough analysis of a possible stay is required.  District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id*. at 277-278.  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.  It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  The

2

Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

If Petitioner desires a continued stay in this case, he must renew his motion for stay not later than March 2, 2026, and justify it under the *Rhines* standard. Any renewed motion for stay must be signed and accompanied by a copy of Petitioner's pending Motion for New Trial.

The Court *sua sponte* extends Petitioner's date to file a reply to the same date, March 2, 2026. The reply must respond to the Warden's assertion that the Petition is barred by the statute of limitations.

Motions to stay are non-dispositive and therefore within the decisional authority of a Magistrate Judge in the first instance, subject to appeal to the assigned District Judge.

February 5, 2026.

s/ *Michael R. Merz*<br>United States Magistrate Judge